2001 OK CIV APP 76

**In the Matter of the ESTATE OF Francis Eugenia MOORE, deceased.**

**Vivian S. Crow and the blood heirs of Decedent, Francis Eugenia Moore, Appellants,**

v.

**Sylvia R. Fore, Personal Representative of the Estate of Francis Eugenia Moore, Appellee.**

No. 94907.

Court of Civil Appeals of Oklahoma, Division No. 3.

April 5, 2001.

Certiorari Denied May 22, 2001.

Barbara K. Bado, John Terry Bado, Bado & Bado, Edmond, OK, for Appellants.

Bebe Bridges, Gregory L. Johnson, Ardmore, OK, for Appellee.

BUETTNER, Judge:

¶ 1 Two children were adopted by George and Sylvia Moore. The couple divorced. After Sylvia Moore's marriage to Ronald Fore, George Moore relinquished his parental rights over the two children, paving the way for Fore's adoption of them. George Moore later died, leaving his estate to his mother, Francis Eugenia Moore. Francis Eugenia Moore subsequently died intestate. The trial court awarded her estate to the two children who had been adopted by George Moore and later adopted by Fore. We hold that children may inherit through intestate succession through their natural parents and their adoptive parents, but that when there are successive adoptions, the last adoption precludes rights of inheritance through intestate succession through previous adoptive parents.

¶ 2 The facts in this case were stipulated:

1. Sylvia R. Fore is the adoptive mother of Wesley Jerome Fore, born January 26, 1965, and Christopher Merrell Fore, born September 23, 1965.

2. Sylvia R. Fore married George Clifford Moore June 16, 1962.

3. George Clifford Moore is the son of the Decedent, Francis Eugenia Moore and Clifford W. Moore, also deceased.

4. George Clifford Moore and Sylvia R. Fore adopted Christopher Fore and Wesley Fore shortly after the births of said children in adoption proceedings in Orleans Parish, Louisiana.

5. Sylvia R. Fore and George Clifford Moore were divorced by Decree of Divorce entered on January 31, 1967 by the District Court of Carter County, Oklahoma, in Case No. D–4344.

6. Sylvia R. Fore, subsequent to her divorce from George Clifford Moore, married Ronald Wilson Fore on or about December 31, 1969.

7. On May 7, 1970, by Decree of Adoption entered by the District Court of Carter County, Oklahoma, Ronald Wilson Fore, husband of Sylvia R. Fore, adopted Christopher Fore and Wesley Fore, in Case No. A–70–18.

8. The estate of George Clifford Moore was probated in the District Court of Kay County, Oklahoma, Case No. P–91–141. By Decree of Distribution dated October 13, 1992, the District Court of Kay County, Oklahoma distributed to Francis Eugenia Moore the entire estate of George Clifford Moore.

9. Francis Eugenia Moore died intestate on September 8, 1999 a resident of Stillwater, Payne County, Oklahoma.

¶ 3 The issue for the trial court, and for the appellate court, was whether "an adopted child may inherit from an adoptive parent whose parental rights are relinquished and terminated when said child has been subsequently adopted by a third party." The trial court relied on 10 O.S. Supp.1995 § 7006–1.3(A), which states that termination of parental rights does not affect the right of the child to inherit from the parent;[1] 10 O.S. Supp.1998 § 7505–6.5, which abolished differences between natural and adopted children; and finally relied on *Matter of the Estate of Flowers*, 1993 OK 19, 848 P.2d 1146, which held that pursuant to the plain language of the statute, that termination of parental

1. 10 O.S. Supp.1995 § 7006–1.3(A): The termination of parental rights terminates the parent-child relationship, including the parent's right to the custody of the child and the parent's right to visit the child, the parent's right to control the child's training and education, the necessity for the parent to consent to the adoption of the child, the parent's right to the earnings of the child, and the parent's right to inherit from or through the child. Provided, that nothing herein shall in any way affect the right of the child to inherit from the parent.

rights does not affect the right of the child to inherit from the parent.

¶ 4 "Issues of law are reviewable by a *de novo* standard and an appellate court claims for itself plenary independent and non-deferential authority to reexamine a trial court's legal rulings." *Kluver v. Weatherford Hospital Authority*, 1993 OK 85, 859 P.2d 1081, 1084.

¶ 5 We note first that the "right of an adopted child to inherit is decided by the law in force at the death of the testatrix/testator not the date of adoption." *Flowers, Id.* at 1151. In this case, the law in effect September 8, 1999, is the law to apply.

¶ 6 Despite subsequent amendments, 10 O.S. Supp.1995 § 7006–1.3 has consistently stated that termination of parental rights does not "in any way affect the right of the child to inherit from the parent." *Matter of the Estate of Flowers*, 1993 OK 19, 848 P.2d 1146, 1151. This statement is consistent with the laws of descent and distribution, as well as those concerning adoption.

¶ 7 With respect to intestate succession, "[i]f the decedent leave no surviving husband or wife, but leaves issue, the whole estate goes to such issue,...." A child adopted away from his natural parents remains "issue." Citing 1 Am.Jur. 656, § 57, the court in *Stark v. Watson*, 1961 OK 17, 359 P.2d 191, 193 stated:

> Consanguinity is so fundamental in Statutes of Descent and Distribution that it may only be ignored by construction when courts are forced so to do, either by the express terms of the statute or by inexorable implication. An adopted child is, in a legal sense the child both of its natural and of its adopting parents, and is not, because of the adoption, deprived of its rights of inheritance from its natural parents, unless the statute expressly so provides.

The *Starks* court then held that Oklahoma has "no statutory provisions limiting an adopted child's statutory rights to inherit from its natural parent." *Id.* (syllabus by the court, ¶ 2). The effect of a final decree of adoption gives the adopted child and adoptive parents rights to inherit through each other in accordance with the laws of descent and

distribution, but there is no excluding of the child's right to inherit from his natural parent. 10 O.S. Supp.1998 § 7505–6.5.

¶ 8 However, a subsequent adoption will terminate any inheritance rights a child might have had from a previous adoption. In *In re Talley's Estate*, 1941 OK 1, 109 P.2d 495, a teen-age boy was adopted by the Talleys. When the boy was nineteen, he was adopted by his natural father. In holding that the boy could not inherit from the Talleys' estate (the first adoptive family), the court stated:

> neither in theory, practice nor common sense was petitioner the adopted son of his first adoptive parents after his second adoption. Having lost that relationship (a thing which by parallel he could not entirely do, at least as to blood, as to his natural parent) there was no longer any predicate upon which to base the conclusion that he would thereafter inherit from his first adoptive parents the same as if he had been their natural son. *Id.* at 498.

¶ 9 We hold that a child may inherit through his natural parents, even after he is adopted away from his natural family. And although an adopted child and adoptive parents enjoy all the rights of descent and distribution as if they were biological parents and child, a subsequent adoption will cut off any right the previous adoption might have conferred on either. If the rule in *Talley's* case is to be changed, it will be up to the Oklahoma Supreme Court. For these reasons, we REVERSE the order of the trial court and REMAND the matter with directions to proceed in a manner consistent with this opinion.

¶ 10 GARRETT, J., concurs;

¶ 11 HANSEN, C.J., concurs on reason of stare decisis.

HANSEN, C.J.,

¶ 1 I concur solely by reason of *stare decisis*.